## LILES *vs.* RHODES.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, THE JUDGE THEREOF PRESIDING

Where the conduct of a bidder and purchaser at sheriff's sale, is of such a character as to prevent competition in bidding, and deprive the owner of a higher price for his property than would otherwise have been obtained, the owner may have the sale annulled, and such damages awarded as a jury may assess to be reasonably sustained.

Where the sale made by a sheriff is rescinded on account of the improper and illegal conduct of the buyer at the time of sale, the owner must refund the price which was paid.

But where the owner of land, sold at sheriff's sale, obtains a rescission of the sale with damages against the purchaser, the latter may go in compensation of the *price* which is to be refunded to the purchaser.

The plaintiff alleges, she purchased a tract of land with one T. C. Black, for one thousand eight hundred dollars,

payable in four annual instalments of four hundred and fifty dollars each, for which they gave their joint and several notes. When the first note became due, in 1830, she paid her half thereof, (two hundred and twenty-five dollars,) but Black failing to pay his, judgment was obtained, and execution levied on the land. The plaintiff alleges, the defendant (who is her son-in-law,) promised and pretended to act as her agent, when the land seized, was to be sold, and to buy it in; that he appeared at the sale, and so gave it out to the by-standers, but that when the sale came on, he acted in fraud, and falsely pretended to bid it in, prevented others from bidding the value of the land, and bid it in for himself, at a very reduced price. That in order to carry on his fraud and misrepresentation, he bid off the land in her name, for twenty-eight dollars less than a fourth of its value, and the sheriff made his return on the execution, that he had sold the land to the plaintiff, and a twelve months bond prepared, for her to sign as principal, and by defendant as her surety; that defendant, the better to carry on his deception, told the sheriff that plaintiff refused to sign the bond, and procured another to be made out, and signed by himself, as purchaser; that defendant turned her out of possession, forcibly, in virtue of this pretended sale and purchase by him, and retains and claims the land as his own. She alleges, that this pretended sale is a nullity, for the causes stated, and others that will appear; and that there was no legal advertisement of sale, and no written notice of seizure, as the law requires; no adjudication of the property was made to defendant, it being actually made to the plaintiff, but owing to defendant's fraud and misrepresentation, he obtained the sale to himself, at less than one-fourth part of its value; she further alleges, that defendant, by a similar fraud, has obtained the possession of nine slaves, one of whom died in his possession, and has retained possession thereof, from 3d May, 1831, until December, 1832. That their services are worth one thousand dollars; and that she has sustained two thousand four hundred dollars in damages, &c. She prays judgment for the delivery to her of the land, and that the sale thereof, be

cancelled and annulled, and that she have judgment for one thousand dollars, the price of the hire of her slaves, and damages.

The defendant pleaded a general denial.

The evidence of the plaintiff showed the facts, which she alleged to be in substance as set forth by her. The jury returned a verdict in her favor, annulling the sale, and restoring to her the land in question, and two hundred dollars in damages; from judgment rendered thereon, the defendant appealed.

*Andrews*, for the plaintiff.

1. It is objected, that the plaintiff shows no title. She sets up an absolute title to the land, and the defendant claims it under her title, bought at sheriff's sale, and cannot attack it. 2 *La. Reports*, 209.

2. The judgment of the court is *not* for more than is claimed; it annuls the sale, restores the land, and decrees damages for its illegal detention, &c., which is all we ask. The laws give us possession, when the land is decreed to belong to the plaintiff, even if the verdict had been silent in that matter.    *C. Pr.* 628, 630, 631, 632, 633.

3. The amount of damages recovered, are proved, and are partly in lieu of rents.

*Saunders, contra.*

1. The plaintiff has shown no title to the land, the sale of which is sought to be rescinded.

2. The judgment of the court is for more than is demanded in the petition, as given by the verdict of the jury. He prays for a rescission of the sale and damages; the judgment rescinds the sale, gives damages, and *decrees the land* to be the property of the plaintiff, and orders a writ of possession.

3. The amount of damages is contrary to law, and the evidence of the case.

4. The judgment and verdict are, therefore, contrary to law, and ought to be reversed.

12

WESTERN DIST.
August, 1834.

LILES
vs.
RHODES.

*Mathews, J.,* delivered the opinion of the court.

This suit is brought to annul a sale of a certain tract of land, which was sold by the sheriff of East Feliciana, to satisfy a judgment, which had been obtained against the plaintiff, at the suit of Sarah Tucker, and also to recover damages, and the price of certain slaves, alleged to be the property of the plaintiff.

The cause was tried by a jury in the court below, who found a verdict for the plaintiff, and assessed her damages at two hundred dollars. On this verdict, the court decreed the sheriff's deed to be cancelled and annulled, ordered the plaintiff to be put in possession of the land in dispute, and the recovery of the damages assessed, &c. From this judgment the defendant appealed.

The evidence of the case shows, that the land now in contest, was seized under an execution, which issued on the judgment obtained by Tucker vs. Liles, (as above stated,) that on the first exposure to sale, it did not produce in cash, the sum required by law, and that it was afterwards offered for sale at a credit of twelve months, when Rhodes the defendant bid for it. Previous to bidding, he declared to several persons, that he intended to bid for the defendant in execution. This information he communicated to a certain person, who appeared as a witness in the present suit, and testifies that his intention was to bid, and would have given more for the property, than the sum for which it was struck off to Rhodes, except for his belief, that the latter was really bidding for Liles, on whom he did not wish to enhance its value, as she was the defendant in execution, and owner. The sheriff was also told by the defendant, that he bid as agent for the present plaintiff: and it appears by his return on the execution, that it was adjudicated to her. She however refused to give the bond required by law, in cases of sheriffs' sales on a credit; and the officer conveyed the land to the defendant, who executed his bond to secure the price of adjudication, obtained possession of the property adjudicated, and finally paid the price.

There are certainly irregularities in the proceedings of the sheriff, as above stated. Whether these irregularities would, without the additional circumstances disclosed, afford good grounds to annul the sale, is a question which we deem it unnecessary to settle on the present occasion. The conduct of the defendant, whether the motives which led him to act as he did, were honest or fraudulent, certainly caused great prejudice to the plaintiff, by preventing other bidders from giving a greater price for her property, then about to be disposed of, according to the rigor and formalities of law.

We conclude, that there is no error in the verdict and judgment of the court below. It would, however, produce injustice to the defendant, to allow the plaintiff to obtain possession of the land, without refunding to him the price actually by him paid for it, and which was appropriated to the extinguishment of the plaintiff's debt. The sum paid, appears to be two hundred and ninety-seven dollars, ninety-four cents. The payment was made on the 14th of November, 1831. Now, as the sale is rescinded, the defendant must recover this amount with legal interest. The judgment which annuls the sheriff's sale, and orders restoration of the property, seems to have been pronounced about the 20th of April, 1833. The interest which had accrued at this time, is nineteen dollars, eighty-five cents, making an aggregate of three hundred and seventeen dollars, seventy-nine cents. The two hundred dollars damages, assessed to the plaintiff in the present suit, ought to be allowed in compensation of the amount due to the defendant, which leaves a balance of one hundred and seventeen dollars, seventy-nine cents.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed ; and it is further ordered, adjudged and decreed, that no execution or writ of possession shall issue in this case, until the plaintiff and appellee, shall have paid to the defendant and appellant, the sum of one hundred and seventeen dollars, seventy-nine cents, or shall deposit this amount with the clerk of the

WESTERN DIST.
*August, 1834.*

LILES
*vs.*
RHODES

Where the conduct of a bidder and purchaser at sheriff's sale, is of such a character as to prevent competition in bidding, and deprive the owner of a higher price for his property than would otherwise have been obtained, the owner may have the sale annulled and such damages awarded as a jury may assess to be reasonably sustained.

Where the sale made by a sheriff is rescinded, on account of the improper and illegal conduct of the buyer at the time of sale, the owner must refund the price which was paid.

But where the owner of land, sold at sheriff's sale, obtains a rescission of the sale with damages against the purchaser, the latter may go in compensation of the *price* which is to be refunded to the purchaser.

District Court, for the parish of East Feliciana, and for the use of the defendant. It is further ordered, that the appellant pay the costs of this appeal.